DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that found appellant guilty of failure to comply with the order or signal of a police officer and imposed a five-year prison sentence. For the following reasons, the judgment of the trial court is affirmed as to appellant's conviction and reversed as to sentence only.
 {¶ 2} Appellant sets forth a single assignment of error:
 {¶ 3} "I. The defendant's sentence was contrary to law."
 {¶ 4} On October 28, 2005, appellant entered a plea of no contest to one count of failure to comply with the order or signal of a police officer, a violation of R.C. 2921.331(B) 
(C)(5)(a)(ii), and a felony of the third degree. Appellant's plea was accepted and he was found guilty. On December 2, 2005, appellant was sentenced to five years incarceration. The trial court ordered appellant's sentence served consecutively to a one-year sentence imposed at that time for violating postrelease control (case no. CR02-1879).[1] Appellant now appeals his sentence.
 {¶ 5} We find that this case is impacted by the recent decision of the Supreme Court of Ohio in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. After a review of the transcript of appellant's sentencing hearing, we find that the trial court referenced statutes deemed void by Foster,
which holds that a sentencing court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater than minimum sentences.[2]
 {¶ 6} Accordingly, this case must be remanded so that appellant can be resentenced by the trial court on the basis of the non-severed sentencing statutes. Appellant's sole assignment of error is well-taken.
 {¶ 7} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed as to sentence only and remanded solely for resentencing in conformity with Foster.
Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED, IN PART, AND AFFIRMED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. Concur.
[1] This court notes that pursuant to R.C. 2921.331(D), if an offender is sentenced — as appellant was — pursuant to division (C)(4) or (5) of that section for a violation of division (B) of the section, any prison term imposed shall be served consecutively to any other prison term imposed upon the offender. Thus, the trial court was required to impose consecutive sentences upon appellant for his conviction in this case and for his violation of postrelease control.
[2] In this case, the trial court referenced, either by statute section or general language, R.C. 2929.14(C) and 2929.14(E)(4).